UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROL BRANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01009-JMS-MJD |
| | ) | |
| CELADON TRUCKING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AND MOTION FOR ENLARGEMENT OF TIME**

This matter comes before the Court on Plaintiff's Motion to Withdraw and Quash Defendant's Deemed Admission Responses of Plaintiff, [Dkt. 19], and Plaintiff's Motion for Enlargement of Time. [Dkt. 20.] For the reasons described below, the Court **GRANTS** Plaintiff's motions.

### I. Background

On August 13, 2014, Celadon Trucking Services, Inc. ("Defendant") served requests for admission, interrogatories, and requests for production on Carol Branson ("Plaintiff"). [Dkt. 19 at 1.] The responses were due on September 15, 2014, but Plaintiff did not respond by this date. [*Id.*] Approximately two weeks later, Plaintiff sought from Defendant's counsel a 30-day extension of time to respond, [*id.*], but Defendant's counsel refused to grant the request and instead filed a notice that the requests for admissions were deemed admitted. [Dkt. 18.] Plaintiff tendered her responses to Plaintiff's requests for admissions on October 5, 2014. [Dkt. 19 at 1.] That same day, Plaintiff filed a motion to withdraw the admissions, [Dkt. 19], and a motion

1

requesting a 30-day enlargement of time to respond to Defendant's remaining discovery requests. [Dkt. 20.]

## II. Discussion

Following service of a request for admissions, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Plaintiff in this case did not respond to the August 13, 2014 requests for admission until October 5, 2014, [Dkt. 19 at 1], after the 30-day window for responding. Thus, as Defendant notes, the request for admission were deemed admitted by operation of law. [Dkt. 23 at 1.]

A court, however, may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The party who obtained the admissions bears the burden of showing that withdrawal would result in prejudice; the party seeking the withdrawal bears the burden of demonstrating that withdrawal would promote decision of the matter on its merits. *Centrifugal Acquisition Corp. v. Moon*, 267 F.R.D. 240, 241 (E.D. Wis. 2010).

Defendant in this case has not met its burden of demonstrating prejudice if the admissions are withdrawn. Defendant relies on a single case in which this Magistrate Judge denied a motion to withdraw admissions made three months after the response to requests for admissions were due. [Dkt. 23 at 2 (citing *Wilson v. Comlux Am.*, No. 1:11-CV-00980-RLY-MJD, 2013 WL 593974, at *2 (S.D. Ind. Feb. 14, 2013)).] There, however, the opposing party had filed for summary judgment in partial reliance on the admissions and discovery had already closed. *Wilson*, 2013 WL 593974, at *3. Thus, had the court allowed the withdrawal, the opposing party

would have faced considerable difficulty "as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered." *Id.* at *2 (citation omitted).

The current situation presents no such difficulties. Neither party has yet moved for summary judgment, liability discovery does not close until April 1, 2015, and dispositive motions are not due until May 5, 2015. [Dkt. 12 at 6.] Defendant thus has not relied on the deemed admissions to the same extent as the party in *Wilson*, and would not face similar prejudice if the admissions were withdrawn.

Plaintiff, meanwhile, bears the burden of showing that withdrawal would promote decision of the matter on its merits. *Moon*, 267 F.R.D. at 241. Plaintiff claims that allowing the withdrawal would "promote the presentation of the merits of this action," [Dkt. 19 at 2], but Defendant argues that Plaintiff did not provide any "facts or citations to any case law that" support this claim. [Dkt. 23 at 2.] Defendant is correct that a party cannot meet its burden of showing that withdrawal of the admissions would promote the presentation of the merits of the action by simply stating the withdrawal would "promote the presentation of the merits of this action." Nevertheless, the Court may take notice of the fact that denial of the Plaintiff's request to withdraw the admissions would adversely impact Plaintiff's ability to present her case on the merits.

Furthermore, Plaintiff explained in her motion that the failure to timely respond was due to a calendaring error on the part of Plaintiff's counsel. [Dkt. 19 at 1.] Thus, this is not a case where the admitting party provided evasive or incomplete responses that might obfuscate the merits of the suit. Instead, Plaintiff's counsel apparently made an honest error, and allowing the requests to remain admitted would elevate the technicalities of deadlines above the merits of the underlying claims. This would conflict with the judicial preference for deciding suits on their

merits. *See, e.g.*, *Webber v. Eye Corp.*, 721 F.2d 1067, 1071 (7th Cir. 1983) ("There is a well-established public policy favoring hearing cases on the merits."); *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) ("[C]ourts have been created for the very purpose of trying cases on their merits."). Accordingly, the Court will **GRANT** Plaintiff's Motion to Withdraw and Quash Defendant's Deemed Admission Responses of Plaintiff. [Dkt. 19.]

Plaintiff's remaining motion, [Dkt. 20], asks for an enlargement of time to respond to Defendant's requests for admission, interrogatories, and requests for production. [*Id.* at 1.] A party generally has thirty days to respond to such discovery requests, but a court by order may grant a longer time to respond. Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P 34(b)(2)(A) (requests for production); Fed R. Civ. P. 36(a)(3) (requests for admission). Further, "[d]istrict courts enjoy extremely broad discretion in controlling discovery." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Defendant here has not argued that an enlargement of time will prejudice it in any way, [*see* Dkt. 24], and the Court notes that the liability discovery deadline remains almost five months away. The Court thus sees no reason to deny the enlargement of time, and the Court will **GRANT** Plaintiff's motion.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Withdraw and Quash Defendant's Deemed Admission Responses of Plaintiff, [Dkt. 19], and Plaintiff's Motion for Enlargement of Time. [Dkt. 20.] The time for Plaintiff to respond to Defendant's above-described discovery requests is hereby extended to and including **November 7, 2014**.

Date: 11/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Charles Nathaniel White, Jr.
LAW OFFICE OF CHARLES WHITE
charles@lawoffice-charleswhite.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Nabeela Virjee
LEWIS WAGNER LLP
nvirjee@lewiswagner.com